IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Adrian Subido, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
|         v. | ) | Criminal Action No. 02-558 |
| | ) | Civil Action No. 04-319 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## <u>M E M O R A N D U M   O P I N I O N</u>

This matter comes before the Court on Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny the Motion.

### I. Background

On October 17, 2002, Petitioner Subido was indicted on conspiracy to distribute and possess with intent to distribute methylenedioxymeth-amphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment charged Subido with, *inter alia*, making advance payments for "ecstacy pills" to a co-conspirator in or about January 2001, and again in or about February 2001. Further, the indictment charged Subido with obtaining "ecstacy pills" for further distribution in or about April 2001 and November 2001. The indictment stated that the conspiracy continued up to on or about April 2002.

On January 24, 2003, Subido entered a plea of guilty to the conspiracy count. The statement of facts signed by the

Petitioner indicated that: (1) the conspiracy continued up to in or about April 2002; (2) in or about January of 2001 and February of 2001, Subido made an advance payment to a co-conspirator for MDMA; (3) in or about April of 2001 and November of 2001, Subido obtained MDMA for further distribution; and (4) the November 1, 2002 Sentencing Guidelines applied in this case.  Subido did not object to the Pretrial Sentencing Report ("PSR") or the use of the November 1, 2002 Sentencing Guidelines in his case.  On March 21, 2003, this Court sentenced Subido to a term of imprisonment of seventy months, three years of supervised release, and a $100.00 special assessment.

Subido did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.  On March 22, 2004, Subido filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Government responded with an opposition on August 13, 2004. On February 11, 2005, Subido filed a Motion to Amend and Submit Claim for Supreme Court Ruling, *Blakley* [sic] *v. Washington, U.S. v. Booker*.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States, (2) that the court was without jurisdiction to

impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).

### III. Analysis

Subido argues that the Court committed an ex post facto violation in applying the more punitive 2002 Sentencing Guidelines to determine his guideline range when the underlying offense was committed no later than November of 2001. He relies on this date since he claims to have taken affirmative action and to have withdrawn from the conspiracy on or around November of

2001.  Subido asserts that he should have been subject to the 2000 Guidelines.  Alternatively, if the Court decides that Petitioner's counsel waived his ex post facto rights by stipulating that the November 1, 2002 Guidelines applied, Subido argues that the waiver is invalid based on ineffective assistance of counsel.

The Court has already reviewed a similar fact scenario based on a practically identical complaint of one of Subido's co-defendants.  *See Tran v. United States*, No. 02-558, slip op. (E.D. Va. Oct. 29, 2004).  The Court relies on the same logic and will address Petitioner's claims in turn.

## A. Ex post facto violation

Petitioner claims that the Court committed an ex post facto violation when it sentenced him according to the November 1, 2002 Guidelines rather than the 2000 Guidelines, reasoning that his underlying offense was committed no later than November 2001.  The ex post facto clause prohibits a law that aggravates the crime or inflicts a greater punishment than the law annexed to a crime, when committed.  *United States v. Morrow*, 925 F.2d 779, 782 (4th Cir. 1991) (citing *Calder v. Bull*, 3 U.S. 386 (1798)).  The Supreme Court has held that the ex post facto clause precludes the use at sentencing of a more punitive sentencing guideline amendment that took effect subsequent to the

date of the offense. *Id.* (citing *Miller v. Florida*, 482 U.S. 423 (1987)).

If Petitioner participated in the conspiracy after the effective date of the November 1, 2002 Guidelines, then he was properly sentenced under those Guidelines. *See United States v. Bennett*, 984 F.2d 597, 609 (4th Cir. 1993) (citations omitted). Petitioner participated in the conspiracy if his membership in the conspiracy continued after the effective date of the Guidelines. *Id.* A defendant's membership in a conspiracy is presumed to continue until he withdraws from the conspiracy by affirmative action. *United States v. West*, 877 F.2d 281, 289 (4th Cir. 1989). Withdrawal must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy. *Id.*

The indictment containing the conspiracy count to which Petitioner pled guilty alleged that the conspiracy continued up to in or about April 2002. The statement of facts signed by the Petitioner also indicated that the conspiracy continued up to in or about April 2002. Petitioner now claims that his membership in the conspiracy ended in October 2001 when he told a co-conspirator that he would no longer buy MDMA from him and at which time he had sold all of his own inventory of MDMA.

Even if Petitioner did in fact tell a co-conspirator that he would no longer buy MDMA from him, and if he did in fact

stop buying MDMA in September 2001 and selling MDMA in October 2001, he did not act to defeat or disavow the purposes of the conspiracy; therefore, he did not withdraw from the conspiracy. Accordingly, his membership in the conspiracy continued after the effective date of the November 1, 2002 Guidelines. Subido was properly sentenced under those Guidelines, and he suffered no ex post facto violation by imposition of his sentence under those Guidelines. Since Petitioner suffered no ex post facto violation, he has failed to meet his burden of proving actual prejudice resulting from the ex post facto errors of which he complains. *See Frady*, 456 U.S. at 167-68; *Malloy*, 758 F.2d at 982.

**B. Ineffective assistance of counsel**

The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel. *United States v. Breckenridge*, 93 F.3d 132, 136 (4th Cir. 1996) (citations omitted). To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*. 466 U.S. 668, 687 (1984); *Bell v. Evatt*, 72 F.3d 421, 427 (4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996). A petitioner must show that "(1) his counsel's performance fell below an objective standard of

reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (citing *Strickland*, 466 U.S. at 688). If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697. Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong. *Id.* at 700.

Petitioner asserts that he was denied effective assistance of counsel when his counsel agreed that Petitioner should be sentenced under the November 1, 2002 Guidelines and failed to argue that use of the November 1, 2002 Guidelines violated the ex post facto clause. However, as explained above, use of the November 1, 2002 Guidelines did not violate the ex post facto clause. Had Petitioner's counsel so argued at Petitioner's sentencing, the result of the proceeding would have been no different. The Court would have still applied the November 1, 2002 Guidelines and given Petitioner the same sentence. Furthermore, the Government highlights that the "resulting sentencing guideline calculation under the November 1, 2002 guidelines is the same as the resulting amended sentencing guideline calculation in effect as of May 1, 2001. That is, the marijuana conversion factor (1 gm of MDMA equals 500 gm of

marijuana) is the same in both instances." (Gov't Opp. 8-9). Therefore, even if counsel was deficient in representing Petitioner, Subido would be unable to prove any prejudice.

Accordingly, Petitioner has failed to make a sufficient showing on the second prong of the *Strickland* test, and the Court is not obliged to address the other prong. *Strickland*, 466 U.S. at 700. The Court finds that Petitioner was not denied the effective assistance of counsel under the Sixth Amendment. Since Petitioner was not denied the effective assistance of counsel, he has failed to meet his burden of proving cause for his procedural default. *See Frady*, 456 U.S. at 167-68; *Malloy*, 758 F.2d at 982.

**C. *Blakely* and *Booker* Application**

On February 11, 2005, while Petitioner's § 2255 Motion was pending before this Court, he filed a Motion to Amend his pending § 2255 Motion. In this Motion, Subido claims that the Court erred by enhancing his sentence based on facts that were not proven beyond a reasonable doubt and not listed specifically in the indictment. Petitioner argues that this contravened the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005).

Neither *Booker* nor *Blakely* constitutes rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See *Teague v. Lane*, 489 U.S. 288, 305-10 (1989) (adopting the general rule that newly recognized

constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review). The Supreme Court has explained:

> [T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Tyler v. Cain*, 533 U.S. 656, 663 (2001).

The Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), formed the underpinning for its decisions in *Booker* and *Blakely*.[1] The rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in *Teague*. *See United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001). Likewise, the Supreme Court's holdings in *Booker* and *Blakely* are not retroactive to cases on collateral review. *See, e.g., Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *United States v. Johnson*, 353 F. Supp. 2d 656, 657-58 (E.D. Va. 2005). Petitioner's sentence became final well before the Supreme Court

---

[1] The holding in *Booker* was premised on a reaffirmance of the Supreme Court's holding in *Apprendi*: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756 (2005). The holding in *Blakely* rested on a similar application of *Apprendi*. *See Blakely*, 124 S. Ct. at 2536.

rendered *Booker* or *Blakely*.  Accordingly, the rules enunciated in these decisions are inapplicable to Subido's case.

## IV.   Conclusion

For the foregoing reasons, Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and subsequent Motion to amend will be denied and summarily dismissed.  An appropriate Order will issue.


November_8__, 2005                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE